**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000669**
**23-DEC-2024**
**08:01 AM**
**Dkt. 81 SO**

NO. CAAP-21-0000669

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


PL III, LLC, a Hawaii limited liability company;
ARICK B. YANAGIHARA; MICHAEL H. NEKOBA;
WILLIAM G. BOYLE; and ANITA MATSUZAKI,
Plaintiffs/Counterclaim Defendants-Appellants,
v.
PUU LANI RANCH CORP., a Hawaii Corporation,
Defendant/Counterclaimant-Appellee,
and
F. NEWELL BOHNETT, as Trustee under that certain unrecorded
Revocable Living Trust Agreement dated July 29, 1981, made by F.
Newell Bohnett, as Settlor; and F. NEWELL BOHNETT, in his
individual capacity, Defendants-Appellees,
and
DOE COUNTERCLAIM DEFENDANTS 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC11100433K)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiffs/Counterclaim Defendants-Appellants PL III,

LLC, Arick B. Yanagihara, Michael H. Nekoba, William G. Boyle,

and Anita Matsuzaki[1] appeal from the Judgment Confirming Arbitration Award (**Judgment**) entered in favor of Defendant/Counterclaimant-Appellee Puu Lani Ranch Corp., and Defendant-Appellee F. Newell Bohnett, individually and as trustee (collectively **Puu Lani Ranch**), on October 25, 2021 in the Circuit Court of the Third Circuit (**circuit court**).[2]

## I. BACKGROUND

This case concerns Plaintiffs' ongoing challenge to an arbitration award resolving a dispute over real property on the island of Hawai'i (the **Property**). The Property was purchased through a promissory note and mortgage entered into between mortgagor/borrower PL III, and mortgagee/lender Puu Lani Ranch. The individual Plaintiffs signed an April 2, 2007 Guaranty (the **Guaranty**), in which they "jointly and severally, unconditionally and irrevocably guarantee[d] . . . the punctual payment in full of the principal, interest and all other sums due and to become due" to Puu Lani Ranch.

In an attempt to resolve the dispute, the parties stipulated in July 2013 to submit their dispute to binding

---

[1] PL III, LLC is referred to herein as **PL III**. Arick B. Yanagihara, Michael H. Nekoba, William G. Boyle, and Anita Matsuzaki are collectively referred to as the **individual Plaintiffs**. PL III and the individual Plaintiffs are collectively referred to as **Plaintiffs.**

[2] The Honorable Robert D.S. Kim presided.

arbitration before Judge Patrick K.S.L. Yim (retired) (**Arbitrator Yim**). In December 2013, Arbitrator Yim issued a Partial Final Award denying Plaintiffs' claims and awarding Puu Lani Ranch $2,086,684.05, plus $525.35 per day, for every day after November 1, 2023, until the total amount due is paid, and attorney's fees and costs (**Arbitration Award**).

Puu Lani Ranch moved to confirm the Arbitration Award; Plaintiffs moved to vacate the award. The circuit court granted Puu Lani Ranch's motion, and in June 2014 issued its Judgment. Plaintiffs appealed. In <u>PL III, LLC v. Puu Lani Ranch Corp.</u>, No. CAAP-14-0001115, 2019 WL 2281269 (mem. op.) (Haw. App. May 29, 2019), this court affirmed in part and vacated in part. This court remanded the case to the circuit court, instructing the circuit court to determine whether Arbitrator Yim made a timely and sufficient initial disclosure to Plaintiffs regarding his association with the Institute for Human Services (**IHS**), and whether the circumstances surrounding donations allegedly made by the Cades Schutte LLP (**Cades**) law firm to IHS gave rise to a reasonable impression of partiality by Arbitrator Yim. This court specifically provided the following remand instructions to the circuit court,

> Following the supreme court's example in <u>Nordic</u> [<u>PCL</u> <u>Constr., Inc. v. LPIHGC, LLC</u>, 136 Hawaiʻi 29, 51, 53, 358 P.3d 1, 23, 25 (2015)], on remand, the circuit court should

3

> conduct an evidentiary hearing to determine as necessary the timing and sufficiency of the initial disclosure regarding Arbitrator Yim's association with IHS, Plaintiffs' actual or constructive knowledge of Arbitrator Yim's involvement with IHS and the donations received from Cades, the timing and amounts of the donations received from Cades, and whether Plaintiffs have met their burden of proving facts which would establish a reasonable impression of partiality on this issue.

PL III, 2019 WL 2281269, at *7.

On remand, the circuit court held an evidentiary hearing in May 2021; the hearing was limited to the issues identified by this court in its remand instructions. The circuit court issued its "Findings of Fact [(**FOF)**], Conclusions of Law [(**COL)**], and Order Denying Plaintiffs' Motion to Vacate Arbitration Awards" (**FOF/COL/Order**) on September 22, 2021. The FOF/COL/Order concluded that "Plaintiffs [did] not carr[y] their burden of proving that [Arbitrator Yim] failed to disclose facts that would establish a reasonable impression that [Arbitrator Yim] was biased or partial from the perspective of an objective litigant in Plaintiffs' position." Plaintiffs moved for reconsideration, and for a stay of the proceedings to collect on the individual Plaintiffs' Guaranty of the underlying promissory note and mortgage, which the circuit court denied.

The circuit court issued its Judgment, and this appeal followed.

## II. POINTS OF ERROR

Plaintiffs raise five points of error on appeal, contending that the circuit court erred: (1) when it granted Puu Lani Ranch's Motion in Limine no. 2; (2) in failing to make adequate FOF; (3) in denying Plaintiffs' request to admit exhibits 30, 31, and 32 into evidence; (4) in its COL nos. 10, 11, 12, 13, 14, 15, 19, and 20, of its FOF/COL/Order; and (5) in denying Plaintiffs' October 4, 2021 Motion For Stay of Proceedings to Collect Moneys Due on Alleged Breach of Plaintiffs' Guarantee Until the Court Grants a Motion for a Deficiency Judgment (**Motion to Stay**).

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Plaintiffs' contentions as follows:

(1) Plaintiffs' first three points of error relate to their contention that the circuit court erroneously failed to consider evidence as to Cades' separate legal representation of the Queen Liliʻuokalani Trust (**QLT**) and Chaminade University, and testimony that Arbitrator Yim had met with a Cades attorney representing QLT at the time he served as a QLT trustee.

As discussed supra, this court in PL III instructed the circuit court to consider discrete issues related to

5

Arbitrator Yim's alleged involvement with *IHS.* Namely, this court instructed the circuit court to do the following on remand: (1) review the timing and sufficiency of Arbitrator Yim's initial disclosure of his association with IHS; (2) determine Plaintiffs' actual or constructive knowledge of Arbitrator Yim's involvement with IHS and donations to IHS from Cades; (3) determine the timing and amount of Cades' donations to IHS; and (4) determine whether Plaintiffs can prove facts establishing a reasonable impression of partiality based on Cades' donations to IHS and Arbitrator Yim's involvement with IHS. PL III, 2019 WL 2281269, at *7.

In Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Haw., the Hawaiʻi Supreme Court explained a trial court's mandate on remand as follows,

> [I]t is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court, and . . . when acting under an appellate court's mandate, an inferior court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; . . . or intermeddle with it, further than to settle so much as has been remanded.

106 Hawaiʻi 416, 439, 106 P.3d 339, 362 (2005) (cleaned up).

We conclude that the circuit court did not err by rejecting Plaintiffs' attempts to raise issues outside the scope

of this court's remand instructions.[3]  The circuit court did not err by refusing to consider evidence and testimony relating to QLT and Chaminade University, which were plainly outside the scope of remand, and in therefore declining to address those issues in its FOF.

Plaintiffs' first, second, and third points of error lack merit.

(2) Plaintiffs' fourth point of error contends that the circuit court erred in its COL nos. 10—15, 19, and 20.  We review the circuit court's COL de novo, under the right/wrong standard.  Noel Madamba Contracting LLC v. Romero, 137 Hawaiʻi 1, 8, 364 P.3d 518, 525 (2015).  We review COL that present mixed questions of law and fact under the clearly erroneous standard. Id.

The challenged COL state,

> 10. The party challenging an arbitration award has the "'burden of proving facts which would establish a reasonable impression of partiality,' which constitutes 'evident partiality.'" *PL III, LLC v. Puu Lani Ranch Corp.*, 2019 WL 2281269, at *4 (quoting *Naravan*, 140 Hawaiʻi at 86, 398 P.3d at 675 (2017)).

> 11. Plaintiffs have not alleged or offered any evidence which would establish that [Arbitrator Yim] failed to disclose a "direct and material financial or personal interest in the outcome of the arbitration proceeding" as set forth in HRS § 658A-12(a)(1).

---

[3]      In July 2021, during the pendency of the circuit court remand proceedings, Plaintiffs filed a Motion to Instruct Circuit Court to Expand Scope of Evidentiary Hearing on Remand with this court.  The motion was denied, for lack of jurisdiction.

12. Plaintiffs have alleged but failed to present any evidence which would establish that [Arbitrator Yim] had an undisclosed "existing or past relationship with any of the parties to the agreement to arbitrate or the arbitration proceeding, their counsel or representatives, a witness, or another arbitrator" necessitating disclosure in this case. *See* HRS § 658A-12(a)(1). [Arbitrator Yim]'s past service on the Board of Directors of IHS did not in and of itself constitute "an existing or past relationship" with any party to the arbitration or the counsel for any party to the arbitration.

13. Plaintiffs have not proven facts that would establish evident partiality by virtue of nondisclosure by [Arbitrator Yim] of facts identified in HRS §§ 658A-12(a)(1) or 658A-12(a)(2).

14. Further, Plaintiffs have not proven facts that would establish a reasonable impression of possible bias by [Arbitrator Yim] necessitating disclosure in connection with donations by the Cades Foundation to IHS.

15. Plaintiffs have not presented evidence or proven that [Arbitrator Yim] had any knowledge of the donations by the Cades Foundation to IHS. [Arbitrator Yim] only had a duty to disclose facts known to him after conducting a reasonable inquiry.

. . . .

19. The amount and timing of the consistent annual donations from the Cades Foundation to IHS, which began before [Arbitrator Yim] joined the Board of Directors of IHS and which continued after [Arbitrator Yim] resigned from IHS, corroborate [Arbitrator Yim]'s testimony that he had no role in soliciting or obtaining donations from the Cades Foundation to IHS.

20. In sum, Plaintiffs have not carried their burden of proving that [Arbitrator Yim] failed to disclose facts that would establish a reasonable impression that [Arbitrator Yim] was biased or partial from the perspective of an objective litigant in Plaintiffs' position.

As explained supra, in section (1), this court had limited the remand proceedings to the circuit court's review of Arbitrator Yim's disclosures to Plaintiffs concerning his

8

association with IHS, Plaintiffs' knowledge of Arbitrator Yim's association with IHS and any donations that Cades had made to IHS, the timing and amounts of donations by Cades to IHS, and "whether Plaintiffs have met their burden of proving facts which would establish a reasonable impression of [Arbitrator Yim's] partiality on this issue."  PL III, 2019 WL 2281269, at *7.

The challenged COL relate to the circuit court's conclusions on the above issues.  These COL are supported by the circuit court's unchallenged FOF that state, inter alia: Arbitrator Yim had resigned from the Board of Directors of IHS in 2008, five years before he was appointed as arbitrator in this matter; there was no evidence that Cades made any donations to IHS; that the Cades Foundation was a nonprofit corporation whose sole source of funding was charitable donations by members of the Cades family, that the Cades Foundation was a separate entity from Cades, and that Cades has never donated money to the Cades Foundation; and Arbitrator Yim had no role in soliciting donations from the Cades Foundation, and no personal knowledge of donations made by the Cades Foundation to IHS.

The circuit court's unchallenged FOF are binding on this court.  Kawamata Farms, Inc. v. United Agri Prods., 86 Hawaiʻi 214, 252, 948 P.2d 1055, 1093 (1997) ("If a finding is not properly attacked, it is binding; and any conclusion which

follows from it and is a correct statement of law is valid.")
(citation omitted).

We conclude that the circuit court's COL nos. 10—15,
19, and 20 are not wrong and, to the extent they present mixed
questions of law and fact, are not clearly erroneous.

(3) Plaintiffs' fifth point of error contends that the
circuit court erred in denying their Motion to Stay, on the
theory that the Guaranty could only be enforced after entry of a
deficiency judgment.  A grant or denial of a motion to stay is
reviewed for abuse of discretion.  Citimortgage, Inc. v. Brum,
No. CAAP-19-0000062, 2024 WL 2292576, at *1 (Haw. App. May 21,
2024) (SDO).

In the proceedings underlying PL III, the circuit
court granted Plaintiffs' initial request to stay the
proceedings to enforce the individual Plaintiffs' Guaranty.
Noting Arbitrator Yim's determination that Puu Lani Ranch "was
entitled to both a money award and to have the mortgage
foreclosed," this court concluded in PL III that,

> **The sequence in which the foreclosure and the money award
> were to be enforced was not explicitly addressed by
> Arbitrator Yim in the arbitration award.** Therefore, staying
> collection of the money award against the other Plaintiffs
> until the sale of the subject property and the application
> of the proceeds of the sale to the money award is not
> contrary to nor a modification of the arbitration award.
> Therefore, **the circuit court did not abuse its discretion
> by granting a stay of execution of the Judgment pending
> sale as it did not modify or change the arbitration awards
> and was consistent with Arbitrator Yim's determinations.**

2019 WL 2281269, at *10 (emphasis added).

On remand, Plaintiffs once again moved the circuit court to stay the proceedings to enforce the individual Plaintiffs' Guaranty. This time the circuit court denied Plaintiffs' request. Although the circuit court's ruling was different this time, we find that, as in PL III, the circuit court's ruling "did not modify or change the arbitration awards and was consistent with Arbitrator Yim's determinations." See id.

Puu Lani Ranch's money award was premised on Arbitrator Yim's finding, in his Partial Final Award, that the individual Plaintiffs jointly and severally "guarantee[d] . . . the punctual payment in full of the principal, interest and all other sums due and to become due" to Puu Lani Ranch. Arbitrator Yim further found the individual Plaintiffs agreed, as guarantors, that their obligations under the Guaranty were "independent of the obligations of Borrower [i.e., PL III]," and that "Lender [i.e., Puu Lani Ranch] may bring and prosecute a separate action or actions against Guarantors whether or not Borrower is joined therein or a separate action or actions [are] brought against Borrower."

11

Where a lender can pursue separate actions against a guarantor and a borrower, these actions may be brought simultaneously. See Restatement (Third) of Property (Mortgages) § 8.2 cmt. b (Am. L. Inst. 1997) ("This section does not prohibit the mortgagee from proceeding against the mortgagor under either Subsection (a) or Subsection (b) while simultaneously bringing an action or proceeding to enforce the obligation against a guarantor or surety.").

The circuit court's denial of Plaintiffs' Motion to Stay did not constitute an abuse of discretion.

### III. CONCLUSION

For the foregoing reasons, we affirm the circuit court's Judgment.

DATED: Honolulu, Hawai‘i, December 23, 2024.

| On the briefs: | /s/ Keith K. Hiraoka |
| | Presiding Judge |
| Keith M. Kiuchi, | |
| for Plaintiffs/Counterclaim | /s/ Sonja M.P. McCullen |
| Defendants-Appellants. | Associate Judge |
| | |
| Kirk M. Neste, | /s/ Kimberly T. Guidry |
| for Defendant/ | Associate Judge |
| Counterclaimant-Appellee. | |